**WO**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Marlin Crook,            )<br>                                        )<br>     Petitioner,                    )<br>                                        )<br>v.                                      )<br>                                        )<br>State of Arizona, et al.,        )<br>                                        )<br>     Respondents.              )<br>_____) | CV 04-741-PHX-JAT<br><br>**ORDER** |

Pending before this Court is James Marlin Crook's (the "Petitioner") Amended Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254 (Doc. #4). Magistrate Judge Voss issued a Report and Recommendation ("R&R") recommending that the Petition be denied based on procedural default (Doc. #12). Petitioner filed an Objection to the Report and Recommendation ("Objection") challenging Judge Voss's R&R (Doc. #13).

**STANDARD OF REVIEW**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). It is "clear that the district judge must review the magistrate judge's findings and recommendations *de novo if an objection is made*, but not otherwise." *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*) (emphasis in original); *Schmidt v. Johnstone*, 263 F.Supp.2d 1219, 1126 (D.Ariz. 2003) ("Following *Reyna-Tapia*, this Court concludes that *de novo* review of

factual and legal issues is required if objections are made, 'but not otherwise.'"). District courts are not required to conduct "any review at all . . . *of any issue* that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985) (emphasis added); *see also* 28 U.S.C. § 636(b)(1) ("the court shall make a *de novo* determination of those portions of the [report and recommendation] to which an objection is made.").

The Petition in this case was filed under 28 U.S.C. § 2254 because the Petitioner is incarcerated based on a state conviction. With respect to any claims that the Petitioner exhausted before the state courts, under 28 U.S.C. §§ 2254(d)(1) and (2), this Court must deny the Petition on those claims unless "a state court decision is contrary to, or involved an unreasonable application of, clearly established Federal law"[1] or was based on an unreasonable determination of the facts. *See Lockyer v. Andrade*, 538 U.S. 63, 70, 123 S.Ct. 1166, 1172 (2003). Further, this Court must presume the correctness of the state court's factual findings regarding a petitioner's claims. 28 U.S.C. § 2254(e)(1); *Ortiz v. Stewart*, 149 F.3d 923, 936 (9th Cir. 1998). Additionally, "[a]n application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2).

## BACKGROUND

Petitioner James Marlin Crook filed a *pro se* Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. #4). On March 31, 1999, the Petitioner pled

---

[1] Further, in applying "Federal law" the state courts only need to act in accordance with Supreme Court case law. *See Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003)("In attempting to answer [whether the state court applied Federal law in an objectively reasonable manner], the only definitive source of clearly established federal law under AEDPA is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Williams* [*v. Taylor*], 529 U.S. [362], 412 [(2000)]. While circuit law may be "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law, *Duhaime v. Ducharme*, 200 F.3d 597, 600-01 (9th Cir.1999), only the Supreme Court's holdings are binding on the state courts and only those holdings need be reasonably applied. *See Williams*, 529 U.S. at 412 ("The ... statutory language makes clear ... that § 2254(d)(1) restricts the source of clearly established law to this Court's jurisprudence.").

guilty to ten offenses in three separate causes.[2] Doc. #10, Ex. A-C. The Petitioner pled guilty to four counts of theft, three counts of burglary, two counts of trafficking in stolen property and one count of attempted trafficking in stolen property. *Id.* The Petitioner also pled to having one prior felony conviction and to committing the offenses while on probation. *Id.* The trial court sentenced the Petitioner to a total of 22.25 years. Doc #10, Ex. D-F. Each count within the causes was to be served concurrently and each cause number was to be served consecutively. *Id.*

In cause number CR 98-93187, the Petitioner pled guilty to a total of four counts, which included two class three felonies and two class four felonies. Doc. #10, Ex. D. Petitioner received a sentence of 6.5 years each for the class three felonies and 4.5 years for the class four felonies. *Id.* The statutory range for a class three felony with a prior conviction and committed while on probation is 4.5-13 years with a presumption of 6.5 years. A.R.S. § 13-604. A class four felony with a prior felony conviction ranges from 3-6 years with a presumption of 4.5 years. *Id.* The trial court ordered the Petitioner to pay slightly over $1700 in restitution. Doc. #10, Ex. D.

In cause number CR 98-931891, the Petitioner pled guilty to a total of two counts, one class three felony and one class five felony. Doc. #10, Ex. E. The trial court sentenced the Petitioner to 6.5 years for the class three felony and 2.25 years for the class five felony. *Id.* A class five felony with a prior conviction while committed on probation carries a sentencing range of 1.5-3 years with a presumption of 2.25 years. A.R.S. § 13-604. The Petitioner must pay $4700 in restitution. Doc. #10, Ex. E.

In cause number Cr 98-94330, Petitioner pled guilty to two class two felonies, one class three felony and one class five felony. Doc. #10, Ex. F. The Petitioner received a sentence of 9.25 years for each of the class two felonies, 6.5 years for the class three felony and 2.25 years for the class five felony. *Id.* A class two felony sentence with a prior

---

[2]In the Objection, the Petitioner adopted the same facts as stated in the R&R.

conviction ranges from 6-18.5 years with a presumption of 9.25 years. A.R.S. § 13-604. The trial court ordered the Petitioner to pay over $21,000 in restitution. Doc. #10, Ex. F.

On September 17, 1999, the Petitioner filed for post-conviction relief according to Arizona Rules of Criminal Procedure Rule 32. Doc. 10, Ex. G. On October 24, 2001, the Petitioner's public defender filed a notice with the trial court indicating that after reviewing the record, no grounds for relief existed. Doc. #10, Ex. H. The appointed counsel requested that the trial court extend the time allowed for post-conviction proceedings in order to allow the Petitioner an opportunity to file a *pro se* petition. *Id.* The trial court granted the extension and set the deadline for December 21, 2001. Doc. #10, Ex. I. However, on December 21, 2001, the Petitioner filed a Motion to Continue instead of a Petition for Post-Conviction Relief. On January 18, 2002, the trial court dismissed the post-conviction proceedings because the Petitioner failed to file a Petition for Post-Conviction Relief. Doc. #10, Ex. J. On February 11, 2002, the Petitioner filed a Petition for Post-Conviction Relief, raising the claim of excessive sentencing. Doc. #10, Ex. K. On March 13, 2002, the trial court acknowledged receipt of the petition, but affirmed the previous denial of the proceeding because of the Petitioner's failure to meet the deadline. Doc. #10, Ex. L. On July 19, 2002, the trial court denied the Petitioner's Motion for Reconsideration. Doc. #10, Ex. M-N. On August 20, 2002, the Petitioner filed a Petition for Review with the Arizona Court of Appeals, which was denied on January 6, 2004. Doc. #10, Ex. O-P.

On June 1, 2004, the Petitioner filed an Amended Writ of Habeas Corpus (Doc. #4) after the original petition was dismissed with leave to amend. The Petitioner identified two grounds for relief. First, the Petitioner alleges the consecutive sentences, totalling 22.25 years, was disproportionate and excessive for the offenses in violation of the Eighth Amendment. Doc. #4. Second, the Petitioner alleges the trial court violated his Due Process rights by failing to explicitly rule on the Motion to Continue to extend the deadline for filing a petition for post-conviction relief. *Id.* On August 16, 2004, Respondents filed an Answer to Petition for Writ of Habeas Corpus (Doc. #10). On September 13, 2004, Petitioner filed

1 a Rebuttal to the Answer (Doc. #11). On July 14, 2005, United States Magistrate Judge Voss
2 filed the R&R (Doc. #12) recommending the court deny relief of the petition based on
3 procedural default. On September 9, 2005, Petitioner filed an Objection to the R&R (Doc.
4 #13) claiming delayed assistance from the prison's paralegal services constitutes legal cause
5 for the procedural default.

## DISCUSSION

**I.     Ground One**

   **A. Procedural Default**

The Petitioner alleges that the trial court violated the Eighth Amendment by sentencing the Petitioner to consecutive sentences, creating a disproportionate sentence. The Petitioner claims that all the convictions involved property crimes, and therefore should not have included consecutive terms. The Petitioner also argues that the time needed to use the prison's paralegal system is cause to excuse the procedural default. The R&R finds that procedural default precludes the Court from considering the Petitioner's claims.

Before this Court may consider the merits of an application for habeas relief, a state prisoner must "exhaust" in state court the claims raised in the petition. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Castille v. Peoples*, 489 U.S. 346, 349 (1989). To properly exhaust his claims in the state courts, the petitioner must afford the state the opportunity to rule upon the merits of each federal constitutional claim by "fairly presenting" the claim to the state's highest court in a procedurally correct manner. *Castille*, 489 U.S. at 351; *Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986). In Arizona, "claims of Arizona state prisoners are exhausted for purposes of federal habeas once the Arizona Court of Appeals has ruled on them." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999).[3]

---

[3] Respondents argue that *Baldwin v. Reese*, 124 S.Ct. 1347 (2004), overruled *Swoopes*. However, in *Castillo v. Mcfadden*, 399 F.3d 993, 998 (9th Cir. 2005), the Ninth Circuit court directly quotes the applicable passage in *Swoopes*, and mentions *Baldwin* in a different capacity. It is unclear whether *Baldwin* overrules *Swoopes*, and this Court declines to issue an opinion on the matter.

- 5 -

Because the exhaustion requirement refers only to remedies still available to the petitioner at the time they file an action for federal habeas relief, it is also satisfied if the habeas petitioner is procedurally barred from pursuing their claim in the state courts. 28 U.S.C. § 2254(c) (1994 & Supp. 2001); *Castille*, 489 U.S. at 351; *Gray v. Netherland*, 518 U.S. 152, 161-62 (1996). Thus, if the habeas petitioner's claims are now procedurally barred under state law, the claim is exhausted by virtue of the petitioner's procedural default of the claim. Procedural default occurs when a petitioner has never presented a claim in state court and is now barred from doing so by state court procedural rules. *Castille*, 489 U.S. at 351-52; *Park v. California*, 202 F.3d 1146 (9th Cir.), *cert. denied*, 531 U.S. 918 (2000).

As long as the state's procedural bar provides an independent and adequate state-law basis for upholding the petitioner's conviction and sentence, the federal courts may not, generally, review a procedurally defaulted claim in a petition for federal habeas relief unless the petitioner can demonstrate *cause* for their failure to follow reasonable state procedures *and prejudice* arising from their procedural default of the claim.[4] *Gray*, 518 U.S. at 161-62 (emphasis added).

In order to determine that the Petitioner procedurally defaulted his claims, first the court must determine if the rule involved is independent of federal law and adequate. A rule is adequate if it is strictly and regularly followed. *Johnson v. Mississippi*, 486 U.S. 578, 587, 108 S.Ct. 1981, 1987 (1988). The Ninth Circuit has repeatedly stated that Arizona's Rule 32 procedural default has been "strictly and regularly followed." *Ortiz v. Stewart*, 149 F.3d 923, 932 (9th Cir. 1998). *See Poland v. Stewart*, 117 F.3d 1084, 1106 (9th Cir. 1997); *Martinez-Villareal v. Lewis*, 80 F.3d 1301, 1306 (9th Cir. 1996); *Carriger v. Lewis*, 971 F.2d 329, 333 (9th Cir. 1992). The Petitioner failed to offer evidence or even allege that since the decisions the rule has become inconsistently applied.

---

[4] Review is also appropriate if the petitioner demonstrates that habeas review is necessary to prevent a fundamental miscarriage of justice. *Murray v. Carrier*, 477 U.S. 478, 485-86 (1986). A fundamental miscarriage of justice occurs only when a Constitutional violation has probably resulted in the conviction of one who is actually innocent. *Id*.

- 6 -

1  Arizona Rule 32(c)(2) states in the pertinent part:

2  In a Rule 32 of-right proceeding, counsel shall investigate the defendant's case for any and all colorable claims. If counsel determines there are no colorable claims which can be raised on the defendant's behalf, counsel shall file a notice advising the court of this determination. Counsel's role is then limited to acting as advisory counsel until the trial court's final determination. Upon receipt of the notice, the court shall extend the time for filing a petition by the defendant in propria persona. The extension shall be 45 days from the date the notice is filed. *Any extensions beyond 45 days shall be granted only upon a showing of extraordinary circumstances.* (emphasis added)

7 The trial court applied Rule 32(c)(2) and granted the extension of time and set a deadline of
8 December 21, 2001 for the Petitioner to file a *pro se* petition. Instead of filing his Motion
9 for Post-Conviction Relief, the Petitioner filed a Motion to Continue on December 21, 2001.
10 The trial court implicitly denied the Motion to Continue when on January 18, 2002 the trial
11 court dismissed the case because the Petitioner failed to file his petition almost a full month
12 after the deadline. The trial court reaffirmed the denial of the Motion to Continue when the
13 trial court dismissed the Petitioner's Motion for Reconsideration. The language of Rule
14 32(c)(2) clearly states that a continuance will only be granted under "extraordinary
15 circumstances." A simple need for more time, after sufficient time has already been
16 permitted, does not constitute extraordinary circumstances.

17  In the Objection, the Petitioner claims the procedural default is excused because he
18 has shown "cause" for missing the deadline. The Petitioner's cause argument states that he
19 needed more time to use the prison's paralegal system because the Petitioner is unfamiliar
20 with the law.

21  "To allege cause for a procedural default, a petitioner must assert that the procedural
22 default is due to an objective factor that is external to the petitioner and that cannot be fairly
23 attributed to him." *Manning v. Foster*, 224 F.3d 1129, 1133 (9th Cir. 2000) (citation and
24 internal quotation marks omitted). The Petitioner in this case failed to show "cause" for his
25 default. The petitioner failed to allege a sufficient external factor that cannot be fairly
26 attributed to him. The Petitioner does not allege denial of access to the prison's paralegal
27 system, or show that he could not have filed a proper post-conviction relief petition himself.
28

- 7 -

1 Arizona only requires a simple form with check boxes for grounds of relief, including a box
2 for the violation of sentencing procedures.

3 Furthermore, the Petitioner failed to articulate any argument of actual prejudice, or
4 shown that a fundamental miscarriage of justice occurred. Without actual prejudice the
5 argument for excusing the procedural default is incomplete. Therefore, the Petitioner
6 procedurally defaulted and his claim is dismissed.

**B.  Disproportionate Sentencing**

Alternatively, this Court finds that irrespective of the procedural default, the Petitioner's excessive and disproportionate sentencing claim fails on the merits. In analyzing an Eighth Amendment proportionality challenge, a court must compare the crime committed with the sentence imposed to determine if there exists "an inference of gross disproportionality." *Harmelin v. Michigan*, 501 U.S. 957, 1005 (1991); *see also United States v. Bland*, 961 F.2d 123, 129 (9th Cir. 1992) (quoting *Harmelin*). A state court sentencing determination will be deemed disproportionate only "'if the state court applies a rule that contradicts the governing law set forth in our cases' or 'if the state court confronts a set of facts that are materially indistinguishable from a decision of this Supreme Court and nevertheless arrives at a result different from our precedent.'" *Lockyer v. Andrade*, 538 U.S. 63, 71, 123 S.Ct. 1166, 1173 (2002) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-406 (2000)). "The gross disproportionality principle reserves a constitutional violation for only the extraordinary case." *Lockyer*, 123 S.Ct. at 1175.

According to the Petitioner, the three consecutive sentences totalling 22.25 years, constitute excessive sentencing under the Eighth Amendment prohibition against cruel and unusual punishment because the convictions involved property crimes. The trial court sentenced the Petitioner according to the guidelines set forth under the Arizona recidivist statute A.R.S. § 13-604. The Petitioner pled to having one prior felony and committing the charged crimes while on probation. The trial court sentenced the Petitioner to the presumptive sentence for each crime with a prior felony while committed on probation. The

1 pled offenses include two class two felonies, which alone could have resulted in a maximum
2 sentence of 18 years for each offense. Furthermore, a total of 22.25 years for a repeat
3 offender with a total of 10 felonies fails to shock the conscience and raise proportionality
4 concerns. *See Rummel v. Estelle*, 445 U.S. 263, 100 S.Ct. 1133 (1980)(where the court held
5 that a life sentence under the recidivist statute for obtaining $120.75 under false pretenses
6 failed to constitute cruel and unusual punishment, and the previous felonies involved
7 purchasing $80 worth of goods from a stolen credit card and passing a forged check for
8 $28.36) The Arizona trial court's sentencing decision was not grossly disproportionate and
9 well within precedent set by the United States Supreme Court. Therefore, the Petitioner's
10 excessive sentencing claim is denied on the merits.

11 **II.     Ground Two**

12     The Petitioner alleges that the trial court violated his right to Due Process by failing
13 to make an explicit ruling on the Petitioner's Motion to Dismiss. Judge Voss states that the
14 Petitioner's claim further argues for "cause" under Ground One. Judge Voss also determined
15 that the Ground Two allegations do not challenge the underlying conviction or sentence, or
16 otherwise provide a basis of relief under 28 U.S.C. § 2254.

17     In the Objection, the Petitioner cites no additional authority involving Due Process.
18 The Petitioner offers no real objection to Judge Voss's analysis, but only states that his
19 arguments for the Due Process violation occur under Ground One. The trial court implicitly
20 denied the Motion to Continue by dismissing the case and reaffirmed their decision by
21 denying the Petitioner's Motion for Reconsideration. Therefore, this Court agrees with the
22 magistrate and adopts his findings. Relief on Ground Two is denied.

23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28

**CONCLUSION**

**IT IS ORDERED** that the Petitioner's Amended Petition for Writ of Habeas Corpus (Doc. #4) is **DENIED**; and the Clerk of the Court shall enter judgment accordingly.

DATED this 15th day of December, 2005.

_____
James A. Teilborg
United States District Judge